UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| KEVIN MAURICE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-241 |
| | ) | |
| AMAZON 1, and AMAZON, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

*Pro se* plaintiff Kevin Maurice Mitchell filed a Complaint alleging his employer discriminated against him. *See* doc. 1. It was served, doc. 12, and Defendants, despite an apparent misnomer, moved to dismiss, doc. 20. The day after Defendants' Motion was filed, Plaintiff filed an Amended Complaint. Doc. 21. For the reasons explained below, that Amended Complaint renders the Motion to Dismiss moot

The Federal Rules permit a party to amend a pleading "once as a matter of course," by the earlier of 21 days of serving it on a defendant or within 21 days after a responsive pleading is filed.[1]   Fed. R. Civ. P.

---

[1] The United States District Court for the Middle District of Georgia has found that an order extending the time to respond to a motion to dismiss also extends the time for filing an amended complaint as a matter of course. *See New York Life Ins. Co. v. Grant*, 57 F. Supp. 3d 1401, 1408-09 (M.D. Ga. 2014).

15(a)(1). Although the Court might anticipate, based on the substance of Defendants' Motion, an argument that amendment is futile, even if such an argument had merit, futility is not sufficient to preclude amendment as a matter of course. *See, e.g., Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint *as a matter of course*, however, the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility."). Thus, Plaintiff's timely Amended Complaint, doc. 21, is the operative pleading in this case.

An amended pleading "supersedes the former pleading" such that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and citation omitted); *see also Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). Therefore, the Amended Complaint renders the pending Motion to Dismiss moot. *See Auto-Owners Ins. Co. v. Tabby Place*

*Homeowners Ass'n, Inc.*, 637 F. Supp. 3d 1342, 1348 n. 4 (S.D. Ga. 2022). The Clerk is, therefore, **DIRECTED** to **TERMINATE** Defendants' Motion to Dismiss as **MOOT**. Doc. 20. Defendants' response to the Amended Complaint is governed by Rule 15(a)(3).

**SO ORDERED**, this 30th day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA