## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

KEVIN MAURICE MITCHELL,   )
                               )
       Plaintiff,       )
                               )
v.                       )        CV425-241
                               )
AMAZON.COM SERVICES LLC,   )
                               )
       Defendant.     )

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Kevin Maurice Mitchell filed a Complaint alleging his prior employer discriminated against him. Doc. 21 (Amended Complaint). Defendant Amazon.Com Services LLC ("Amazon") filed a Motion to Dismiss his Amended Complaint. Doc. 29. Plaintiff responded in opposition, doc. 30, and Defendant replied in support, doc. 33. Plaintiff then filed a sur-reply, doc. 34, which Defendant moved to strike, doc. 35. Plaintiff also filed a "Supplemental Brief in Support of Equitable Tolling and in Opposition to Defendant's Motion to Dismiss," doc. 39, which Defendant also moved to strike, doc. 40.

This Court has an unlimited reply brief policy. *See Waddy v. Globus Medical, Inc.*, 2008 WL 3861994, at *1 (S.D. Ga. Aug 18, 2008) (the "parties may file as many reply briefs as they want.") (quoting *Podger v.*

1

*Gulfstream Aerospace Corp.*, 212 F.R.D. 609, 609 (S.D. Ga. 2003) (internal quotation marks omitted)); *see also* S.D. Ga. L.R. 7.6. Given that policy, Defendant's Motions to Strike are **DENIED**. Docs. 35 & 40. However, even considering all of Plaintiff's submissions, for the reasons explained below, Defendant's Motion to Dismiss should be **GRANTED**. Doc. 29.

Plaintiff alleges race discrimination under Title VII of the Civil Rights Act of 1964, claiming Defendant, his prior employer, terminated his employment for racially motivated reasons. Doc. 21 at 2. He filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the EEOC issued him a Determination and Notice of Rights on December 5, 2024. *Id.*; *see also id.* at 3 (Determination and Notice of Rights). He filed his original Complaint in this case on October 9, 2025. Doc. 1. Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's single claim under Title VII as time-barred, since he failed to file his original Complaint within 90 days of receiving his right-to-sue letter from the EEOC. Doc. 29 at 1.

"To survive a motion to dismiss, a complaint must . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (internal quotations omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).   However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft*, 556 U.S. at 678.

A defendant may raise a statute of limitations defense on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint shows on its face the applicable limitations period has run.  *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) (citations omitted); *see also Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) ("A rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." (internal quotations omitted)).  Title VII of the Civil Rights Act of 1964 provides the applicable limitations period

3

for plaintiffs who, after filing a charge of discrimination with the EEOC, receive a right to sue letter. *See* 42 U.S.C. § 2000e–5(f)(1). Under Title VII, a plaintiff "must file [his] complaint in the district court within 90 days of [his] receipt of a right-to-sue letter from the EEOC." *Miller v. Georgia*, 223 F. App'x 842, 844 (11th Cir. 2007) (citing 42 U.S.C. § 2000e-5(f)(1)).

Plaintiff attached a copy of the EEOC's December 5, 2024 Notice of Rights letter as an exhibit to his Amended Complaint. Doc. 21 at 3. As the Eleventh Circuit has made clear, in deciding whether a complaint states a claim upon which relief may be granted, the Court may consider all documents that are attached to the complaint or incorporated into it by reference. *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6)."). Where the Court "consider[s] exhibits attached to a complaint in ruling on a motion to dismiss, and . . . the allegations in the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit

4

controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). "The classic example is when a plaintiff attaches a document to his complaint but his allegations about what the document is or says contradict the document itself." *Id.* (citation omitted).

The EEOC right-to-sue letter is dated December 5, 2024. *See* doc. 21 at 3. Plaintiff's allegations are silent as to when he received the letter, *id.* at 2, but there is a presumption in the law that the notice was received three days after its mailing. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984) (citing Fed. R. Civ. P. 6(e)); *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n. 9 (11th Cir. 2005). Therefore, in this case, it is presumed that Plaintiff received the December 5, 2024 Right to Sue letter on December 9, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C). Plaintiff does not dispute, despite his Complaint's implicit allegation, that he received the letter no later than December 9, 2024. *See* doc. 34 at 2 (agreeing he "received the EEOC NRTS on December 5, 2024"). Plaintiff's original Complaint in this case was filed on October 9, 2025, *see* doc. 1, over 300 days later, or over 200 days too late. *See Miller*, 223 F. App'x at 844.

Having apparently abandoned the contention that this action was timely filed, Plaintiff argues he is entitled to equitable tolling. *See* doc.

5

30 at 2; doc. 34 at 1-2; doc. 39 at 1-3. Title VII's timing requirements are subject to equitable tolling. *See, e.g., Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982). Equitable tolling is an "extraordinary remedy which should be extended only sparingly." *Chang v. Carnival Corp.*, 839 F.3d 993, 996 (11th Cir. 2016) (internal quotations and citation omitted). To invoke this doctrine, a party must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016). It is Plaintiff's burden to show he is entitled to equitable tolling. *Chang*, 839 F.3d at 996; *see also Mesidor v. Waste Mgmt., Inc. of Fla.*, 606 F. App'x 934, 936 (11th Cir. 2015) (noting plaintiffs "bear the burden of proving equitable tolling, which is an extraordinary remedy which should be extended only sparingly." (internal citation and quotations omitted)).

Plaintiff's equitable tolling argument is based on a prior lawsuit he filed against Defendant. *See* doc. 30 at 1-2; doc. 34 at 2. He argues his first lawsuit, which was filed within the 90-day period, demonstrates he has "continuously and diligently pursued his Title VII claim." Doc. 30 at 2; *see also* doc. 34 at 2 ("Plaintiff received the EEOC NRTS on December

6

5, 2024, and filed the first lawsuit within 43 days."). Plaintiff is correct that he filed a lawsuit on January 17, 2025, arising out of the same facts as those alleged in this case. *See Mitchell v. Amazon T*, 4:25-cv-017, doc. 1 (S.D. Ga. Jan. 17, 2025). However, "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). Therefore, the pendency of Plaintiff's first lawsuit does not support the application of equitable tolling in this case. *See, e.g.*, *Justice v. United States*, 6 F.3d 1474, 1478-79 (11th Cir. 1993) ("[T]he filing of a lawsuit which is later dismissed without prejudice does not automatically toll the statute of limitations.").

Moreover, as Plaintiff concedes, his first lawsuit was dismissed because he "failed to effect service in time." Doc. 34 at 2. A review of the docket in his first case shows that, despite an extension of his deadline, he failed to serve the Defendants with process as required by the Federal Rules of Civil Procedure, so his case was dismissed on July 30, 2025. *See* 4:25-cv-017, doc. 10 (S.D. Ga. July 30, 2025). He filed this lawsuit 71 days later. *See* doc. 1 (filed Oct. 9, 2025). The Eleventh Circuit has made clear that "to advance a tolling argument, due diligence is a necessary,

7

though not sufficient, prerequisite that a plaintiff must satisfy." *Chang*, 839 F.3d at 996. As Defendant correctly observes, this Court dismissed Plaintiff's original lawsuit because of delays in service attributable to him. *See* 4:25-cv-017, doc. 10 at 2-3; *see also* 4:25-cv-017, doc. 6 at 1 (directing Plaintiff to show cause why his case should not be dismissed for his failure to serve Defendants by the deadline); 4:25-cv-017, doc. 13 at 1-2 (recounting Plaintiff's conduct in his first case). Given Plaintiff's failure to explain how his actions in the prior case were diligent, his reference to the pendency of that suit is not sufficient to bear his burden for equitable tolling. *Bost*, 372 F.3d at 1242 (considering plaintiffs' "failure to explain" conduct of prior litigation in concluding equitable tolling was inappropriate).

Plaintiff also points to his "lack of legal knowledge" as support for the application of equitable tolling. Doc. 34 at 2. Though filings made by pro se litigants are to be liberally construed, these parties are still required to comply with procedural rules. *Tucker v. United States*, 724 F. App'x 754, 756-57 (citing *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014); *Albra v. Advan*, Inc., 490 F.3d 826, 829 (11th Cir. 2007)). This includes statutes of limitations. *Tucker*, 724 F. App'x

at 756-57 (citing *Outler v. United States*, 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007) ("[P]ro se litigants, like all others, are deemed to know of the . . . statute of limitations.")).  As the Northern District of Georgia has observed, neither ignorance of the law nor Plaintiff's *pro se* status constitutes "extraordinary circumstances" that justify equitable tolling. *Watson v. Children's Healthcare of Atlanta*, 2024 WL 6473771, at *6 (N.D. Ga. Nov. 22, 2024), *adopted*, 2024 WL 6473710 (N.D. Ga. Dec. 13, 2024) (collecting cases).

Plaintiff also argues that his mother's cancer diagnosis and eventual passing "significantly impacted [his] ability to manage complex procedural requirements, including proper service, despite his continued efforts to actively pursue his claims."  Doc. 39 at 2.  While the Court is sympathetic to Plaintiff's family's loss, his mother's illness is not the type of extraordinary circumstance that meets Plaintiff's burden to show he is entitled to equitable tolling.  *See, e.g.*, *Shinhoster v. City of Atlanta Police Dept.*, 2021 WL 12180696, at *3 (N.D. Ga. July 26, 2021).

As an alternative argument, Plaintiff asks that he be afforded leave to amend, instead of dismissal.  Doc. 39 at 3.  Although *pro se* litigants are generally given at least one opportunity to amend a complaint before

9

it is dismissed, granting leave to amend is not required when the amendment would be futile. *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (holding that leave to amend need not be granted when amendment would be futile, and amendment is futile when the claim would still be properly dismissed or be immediately subject to summary judgment for the defendant). Here, given the time-bar, "a more carefully drafted complaint" would not save Plaintiff's claim, and amendment would be futile. *Cornelius*, 585 F. App'x at 1000.

For the foregoing reasons, Defendant's Motion to Dismiss should be **GRANTED**. Doc. 29. Defendant's Motions to Strike are **DENIED**. Docs. 35 & 40.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED**, this 4th day of August, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

11